Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7433 | **DATE** | 2/29/2012 |
| **CASE TITLE** | Taylor vs. Illinois Department of Corrections | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss [21] is granted in part and denied in part. Claims of discrimination under Title VII and the ADEA are dismissed against defendant Ortiz. Claims under 42 U.S.C. § 1981 are dismissed. IDOC is directed to answer the complaint insofar as it alleges discrimination based on age, sex, and retaliation in violation of Title VII and the ADEA. Motion is removed from the Court's call of 3/1/2012. Status hearing is set for 3/27/2012 at 8:30 a.m.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

    Deborah Taylor has filed a complaint alleging discrimination by her employer, the Illinois Department of Corrections (IDOC), on the basis of age, national origin and sex, and retaliation against her because she asserted rights protected by Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*. She alleges failure to promote and harassment. A copy of the charge reflects that it was filed April 7, 2011. A notice of right to sue was issued August 2, 2011, and the lawsuit was filed October 19, 2011. Therefore, administrative remedies have been exhausted.

    Defendants have moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof is on the party asserting jurisdiction. *United Phosphorus, Ltd.* v. *Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp*. v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of the claim's basis, but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *see also Bell Atl*. v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). At the same time, the plaintiff need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). In ruling on both a 12(b)(1) and 12(b)(6) motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Mieling* v. *Norkar Tech., Inc.*, 176 F. Supp. 2d 817, 818–19 (N.D. Ill. 2001).

**STATEMENT**

Defendant Edward Ortega argues that he is not an employer as defined under the ADEA and this claim must therefore be dismissed. As an initial matter, failure to meet the definition of employer does not divest the court of subject matter jurisdiction; rather, this pleading defect is treated as a failure to meet a statutory requirement. *Komorowski* v. *Townline Mini-Mart & Rest.*, 162 F.3d 962, 964 (7th Cir. 1998). Here, neither the complaint nor the charge alleges any facts indicating Ortega's role or what discriminatory acts he took, but for purposes of ruling on the motion the court will assume that Ortega was Taylor's supervisor and the allegedly discriminating individual at IDOC.[1] As such, he is not subject to liability under Title VII or the ADEA. Under the ADEA and Title VII, an employer is "a person engaged in an industry affecting commerce who has twenty [fifteen for Title VII] or more employees . . . ." 29 U.S.C. § 630(b); 42 U.S.C. § 2000e(b). An agent of an employer is not individually liable. *See E.E.O.C.* v. *AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 & n.10 (7th Cir. 1995) (holding that a company's chief executive officer did not meet the statutory definition of "employer" and thus could not be liable under the Americans with Disabilities Act, noting that the holding "obviously affects the resolution of the very similar questions under Title VII and the ADEA." (citation omitted)); *see also Csoka* v. *United States Gov't*, 94 F.3d 647 (Table), 1996 WL 467654, at *5 (7th Cir. Aug. 12, 1996) ("The ADEA, like Title VII, does not authorize individual liability claims against [defendants'] employees." (citations omitted)); *Williams* v. *Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (dismissing a Title VII claim brought against plaintiff's former supervisor because "a supervisor does not, in his individual capacity, fall within Title VII's definition of employer."). Defendant Ortega is therefore dismissed from the Title VII and ADEA claims.

Next, IDOC moves to dismiss for two reasons: (a) IDOC is not a person within the meaning of § 1981, and (b) plaintiff's § 1981 claims are barred by the Eleventh Amendment. Under the Eleventh Amendment to the United States Constitution, a state and its agencies are immune from private damage actions and suits for injunctive relief in a federal court unless a state, by unequivocal language, waives the protections of the Amendment or Congress unequivocally abrogates the state's immunity under the Amendment. *See* U.S. CONST. amend. XI; *Kroll* v. *Bd. of Tr. of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991). The State of Illinois has not waived its Eleventh Amendment immunity to § 1981 claims, nor has Congress abrogated the same. *See* 745 Ill. Comp. Stat. 5/1; *Titus* v. *Ill. Dep't of Transp.*, --- F. Supp. 2d ----, 2011 WL 6225224, at *6 (N.D. Ill. Dec. 14, 2011). Thus, the IDOC is immune from suit on Taylor's § 1981 claim. As such, the court need not consider wether IDOC is considered a "person" under § 1981.

This immunity also applies to bar Taylor's § 1981 claim against Ortega in his official capacity, to the extent that Taylor requests damages, not prospective relief. *See Kroll*, 934 F.2d at 907–08 ("[O]fficial-capacity suits for retrospective relief—i.e., money damages payable from the state treasury—generally implicate the eleventh amendment in the absence of a waiver by the state or a valid congressional override . . . however, official-capacity actions may not be barred by the eleventh amendment insofar as they request prospective relief—i.e., an injunction or a declaratory judgment and monetary damages that are 'ancillary' to either." (internal quotation marks and citations omitted)). Nonetheless, to assert a claim for prospective relief Taylor must allege an immediate threat of future harm of injury, which she has failed to do. *See* Compl. ¶¶ 16(g) & 16(h); *Sierakowski* v. *Ryan*, 223 F.3d 440, 443 (7th Cir. 2000) ("[I]n order to invoke Article III jurisdiction a plaintiff in search of prospective equitable relief must show a significant likelihood and immediacy of sustaining some direct injury." (citations omitted)); *Titus*, 2011 WL 6225224, at *15 (denying *pro se* plaintiff's request to reinstate his § 1981 claims for prospective relief because he failed to specify a threat of future harm or injury). Moreover, there are no allegations of fact in the complaint or the charge supporting the claim in paragraph 12(g) that Ortega in his individual capacity discriminated against plaintiff based on her national origin. *See Musikiwamba* v. *ESSI, Inc.*, 760 F.2d 740, 753 (7th Cir. 1985) ("[P]ersonal

| **STATEMENT** |
|---|

liability cannot be imposed on a corporate official for the corporation's violation of section 1981 when that official is not alleged to have participated in the actual discrimination against the plaintiff."); *Pope* v. *Clerk of the Circuit Court of Cook Cnty.*, No. 10 C 5115, 2011 WL 1004640, at *2 (N.D. Ill. Mar. 17, 2011) ("The holding in *Musikiwamba* concerning individual liability under Section 1981 has been applied in other private and public contexts as well, creating a general principle that individual liability under Section 1981 can only be found if the individual personally participated in the discrimination." (citations omitted)).  Taylor's § 1981 claims are therefore dismissed.

Finally, IDOC argues that Taylor's claim of retaliation should be dismissed because she has alleged no facts that could permit an inference that she was retaliated against for having asserted her rights protected by ADEA or Title VII.  Taylor alleges that she is still employed by IDOC, that she is subject to "ongoing harassment," and that her "past is in [her] face constantly."  Proof of retaliation entails evidence that a plaintiff engaged in a statutorily protected activity (such as making a complaint of discrimination); that she suffered a materially adverse action by her employer (such as being fired, denied promotion, or demoted); and that the plaintiff's engaging in protected activity caused the defendant's retaliatory response. *See Silverman* v. *Bd. of Educ. of City of Chicago*, 637 F.3d 729, 740 (7th Cir. 2011).

Although plaintiff need not allege every fact that might be relevant to her claim, she must allege sufficient facts that the court may conclude that there is some likelihood that her claim could succeed.  The allegations of harassment here indicate an overbearing or unfair supervisor, but there is no allegation suggesting that the conduct is a response to any form of complaint or charge of discrimination.  The charge underlying this complaint, however, does recite that IDOC retaliated against Taylor after she filed two specific discrimination charges with the EEOC.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson* v. *Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (internal citation and quotation marks omitted).  Because this is a *pro se* complaint, the court will take the allegations in the charge and the complaint together.  Read as a whole, the allegations permit the inference that a claim of retaliation is plausible.

---

1 The court directed Taylor to file a copy of her EEOC charge.  A letter from Leslie McCarty, IDOC's Affirmative Action Officer, to the EEOC in connection with the charge (dated May 3, 2011), which was attached to the materials submitted with the charge, states that Ortega was Taylor's supervisor at West Grand Parole Office.